# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN J. BAUTISTA,**

    **Plaintiff,**

    v.                                                     Case No. 12-CV-126

**VILLAGE OF LOMIRA and**
**JON SCHULTEIS,**

    **Defendants.**

## ORDER ON PLAINTIFF'S MOTION TO EXCLUDE EXPERT WITNESSES AND MOTION TO STRIKE UNSWORN DOCUMENTS

This is a civil action pursuant to 42 U.S.C. § 1983. Presently before the Court are two motions filed by the Plaintiff: a motion to exclude Defendants' expert witnesses (Docket # 17) and a motion to strike unsworn documents (Docket # 29). For the reasons stated in this order, the motions will be denied as moot.

### Motion To Exclude Testimony of Defendants' Expert Witnesses

Plaintiff seeks an order excluding the testimony of Village of Lomira Police Chiefs Christopher Mireski and Douglas Ninnman as expert witnesses. Plaintiff argues that their testimony as defense expert witnesses should be excluded under Fed. R. Civ. P. 26(a)(2) and Fed. R. Evid. 702. Plaintiff also seeks reasonable expenses, including attorney's fees for filing this motion.

Defendants responded that Lomira Police Chiefs Christopher Mireski and Douglas Ninnman are fact witnesses—rather than expert witnesses—and that neither were identified as expert witnesses on the witness list. (*See* Docket # 16.) More specifically, the Defendants state that Mireski and Ninnman were both Officer Schulteis' supervisors at the time of the incident underlying the instant

lawsuit. Both Mireski and Ninnman discussed the incident with Officer Schulteis and therefore are both able to testify as to Schulteis' reporting of the incident. Additionally, the Defendants state that both Mireski and Ninnman were responsible for the department's police protocol and procedures and are therefore able to rebut questions regarding the existence of or terms of the department's protocols and procedures.

As indicated above, the objected to witnesses, Mireski and Ninnman, are witnesses on Officer Schulteis' reporting of the incident. Moreover, although the Defendants state that the two witnesses could rebut questions on the department's protocols and procedures, the Plaintiff has acknowledged that he is not suing the Village of Lomira under a *Monell*[1] theory in that he is "not alleg[ing] that the wrongful acts . . . were carried out pursuant to a custom or policy of the Village of Lomira." (*See* Pl. Br. in Opposition to Summary Judgment, Docket # 36 at 18.) Therefore, Mireski's and Ninnman's testimony would not focus on policy and procedure but rather on their recollections of supervising Schulteis at the time of the underlying incident. Accordingly, Mireski and Ninnman are not expert witnesses but fact witnesses. Plaintiff's motion to exclude them as expert witnesses is therefore moot.

This motion could have been avoided. Civil L. R. 37 (E.D. Wis.) requires parties to confer on discovery motions before seeking court action. The nature of the witnesses' testimony could have been uncovered had the parties conferred. Both parties thus seek an award of expenses and costs of this motion. However, because both parties could have avoided this motion by better communication, expenses and fees are not warranted.

---

[1] *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978).

- 2 -

Case 2:12-cv-00126-NJ   Filed 05/07/13   Page 2 of 4   Document 48

**Motion To Strike Unsworn Documents**

Next, Plaintiff filed a motion to strike the affidavits of Jacob R. Stuebs (Docket # 25) and Zachery D. Steubs (Docket # 26), which were filed in support of the Defendants' motion for summary judgment (Docket # 22). Plaintiff argues that the affidavits were neither sworn to by a notary public nor explicitly signed under the penalty of perjury as required by 28 U.S.C. § 1746. In response, the Defendants submitted scanned versions—rather than the original electronically signed versions—of the affidavits, arguing that they were, in fact, notarized.

Evidence in support of a summary judgment motion may be submitted in the form of an affidavit, declaration, or other admissible documentary evidence. Fed. R. Civ. P. 56(c). "An affidavit is a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath." *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985) (internal quotations and citations omitted). Furthermore, in this district, the procedure litigants and attorneys are to follow when filing notarized documents is governed by the "Electronic Case Filing Policies and Procedures Manual" for the Eastern District of Wisconsin.[2] Specifically, the attorney must (1) "obtain the signature of the Notary Public on the original document" and (2) "electronically file the document indicating the Notary Public's Certificate of Notarial Acts with their signature typed in the following format: 's/Notary Name.'" The Defendants did include this on the affidavit of Matthew L. Granitz (*see* Docket # 24), but on none of the other three affidavits filed in support of their motion for summary judgment (*see* Docket # 25, 26, and 27).

As noted above, a party may submit a declaration in support of a motion for summary judgment; affidavits are not required. A declaration must comply with 28 U.S.C. § 1746. Particularly,

---

[2] http://www.wied.uscourts.gov/index.php?option=com_content&task=view&id=64&Itemid=83 (last visited May 7, 2013).

the document must contain a statement the same or substantially similar to "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." None of the challenged documents contained the language required by § 1746.

Accordingly, the original challenged statements would not be admissible because they were not notarized nor complied with 28 U.S.C. §1746. However, in response to Plaintiff's motion, Defendants corrected these deficiencies by submitting notarized versions of the previously submitted statements. Although these now notarized statements—affidavits—were not originally filed as required, ascertaining no prejudice to Plaintiff, who had an opportunity to both respond to Defendants' proposed facts and to file his own affidavits, the Court will accept them. The now notarized affidavits will be considered in deciding the Defendants' motion for summary judgment. Defendants are advised going forward to follow the proper procedure for filing notarized documents. *See* "Electronic Case Filing Policies and Procedures Manual." Accordingly, the motion to strike is denied as moot.

**IT IS ORDERED** that Plaintiff's Motion to Exclude Defendants' Expert Witnesses (Docket#17) is **DENIED AS MOOT**.

**IT IS ALSO ORDERED** that Plaintiff's Motion to Strike Unsworn Documents (Docket #29) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 7th day of May, 2013.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge